# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| CARLA HOOD,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>DOLLAR GENERAL CORPORATION, FIRST HORIZON BANK CORP,<br><br>　　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR DEFAMATION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Carla Hood ("Hood") hereby states her Complaint for Defamation against Defendant Dollar General Corporation ("Dollar General") and First Horizon Bank ("First Horizon" or "Bank"), as follows:

## INTRODUCTION

1. This is an action for defamation against Dollar General and First Horizon for their reckless and false accusations that Hood stole approximately $3,700.00 from her then employer, Dollar General.

2. As a result of this false accusation, Hood lost her employment and her good reputation in the community—as word falsely spread that she had stolen money from her employer.

## PARTIES, JURISDICTION, AND VENUE

3. Plaintiff Hood is a resident and citizen of the State of Georgia, who

resides in Walker County, Georgia.

4. Defendant Dollar General is a foreign corporation organized and existing in the State of Tennessee with its principal place of business and headquarters in Goodlettsville, Tennessee, and may be served with summons and process in this District through its duly authorized registered agent, CSC of Stephens County, Inc., 597 Big A Road, Toccoa, GA, 30577.

5. Defendant First Horizon is a foreign corporation organized and existing in the State of Tennessee with its principal place of business and headquarters in Memphis, Tennessee, and may be served with summons and process in this District through its duly authorized registered agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia, 30046.

6. There exists complete diversity of citizenship between Hood on the one hand and, on the other hand, Dollar General and First Horizon.

7. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs, and attorneys' fees.

8. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).

9. Venue is proper in the United States District Court for the Northern District of Georgia, Rome Division, pursuant to 28 U.S.C. §§ 1391(b)(2) 1391(c)(2), and 1391(d) because Hood is a resident in this District, because the majority of the

events giving rise to this claim occurred in this District, and because the defendants are subject to personal jurisdiction in this District.

10. This Court has personal jurisdiction over Dollar General and First Horizon pursuant to O.C.G.A. § 9-10-91, including because they transact regular business within the State of Georgia sufficient to anticipate being haled into court in the State of Georgia and this District, including operating the commercial operations giving rise to the claims at issue in this lawsuit.

11. This Court has personal jurisdiction over Dollar General pursuant to O.C.G.A. § 9-10-91, including because it made the false police report at issue in this District and therefore anticipated being haled into court in the State of Georgia and this District specifically.

12. This Court further has personal jurisdiction over Dollar General because its defamation of Hood has been directed specifically toward the State of Georgia and Hood, including an effort by Dollar General to have Georgia law enforcement arrest, charge, and prosecute Hood in this District.

13. This Court further has personal jurisdiction over First Horizon because its defamation of Hood emanated from State of Georgia and has been directed specifically toward the State of Georgia and Hood, including to her employer in this District.

14. Moreover, Dollar General and First Horizon conduct regular,

systematic, and ongoing business within the State of Georgia, irrespective of their Georgia businesses being directly tied to Hood's claims in this lawsuit.

## FACTUAL BACKGROUND

15. Hood was previously employed by Dollar General in Ringgold, Georgia, until she was terminated in mid-June 2023 based on the false accusation that she stole money she was supposed to deposit—and did deposit— with First Horizon on behalf of Dollar General.

16. Hood was a trusted employee whose duties included depositing money—including cash—on behalf of Dollar General.

17. Hood's practice was to make this deposit at the First Horizon branch in Ringgold, Georgia. She would do so by placing a deposit bag in the bank's night deposit box.

18. As she had done countless times in the past, on June 11, 2023, Hood placed a deposit bag ("Deposit Bag") in First Horizon's night deposit box that contained a deposit slip and approximately $3,700 of Dollar General's money from the store's sale (the "Deposit").

19. First Horizon's video cameras captured Hood placing the Deposit and Deposit Bag in the night deposit box.

20. Despite Hood having made the Deposit, First Horizon was purportedly unable to locate the Deposit and Deposit Bag.

21. First Horizon had a technical issue with its night deposit box that resulted in the Deposit Bag and another third-party deposit bag being stuck and uncollected.

22. First Horizon then called Dollar General and stated that its video showed Hood placing the Deposit Bag in the night deposit box, that the Deposit Bag had not been located, that the Deposit had not been credited to any customers' account, and that First Horizon did not have the Deposit and Deposit Bag

23. Dollar General understood this to be an accusation of theft and professional misconduct; *i.e.*, that Hood took the money and was to blame for First Horizon not having the Deposit and Deposit Bag.

24. In fact, First Horizon had the Deposit and Deposit Bag with all the money from the moment that Hood put the Deposit Bag in the night deposit box on June 11, 2023.

25. On June 14, 2023, Dollar General communicated to the Ringgold Police Department that Hood engaged in the crime of theft by taking in connection with her making the Deposit as an employee of Dollar General, including by communicating that First Horizon did not have the Deposit and Deposit Bag. A copy of the police report filed by Dollar General is attached hereto as Exhibit A.

26. By way of further articulation: both Dollar General and First Horizon knew that Hood placed the Deposit Bag in the night deposit box but accused Hood

of theft despite *not finding the Deposit Bag*, rather than finding an empty bag with no cash or deposit slip.

27. Approximately one week later, the Deposit and Deposit Bag purportedly still had not been located, and Dollar General terminated Hood for purportedly stealing the Deposit. In the meeting when she was terminated, Dollar General communicated that it did not believe Hood's denial of having stolen the Deposit.

28. Several weeks thereafter, an assistant manager from Dollar General told her that First Horizon had located the Deposit and Deposit Bag. Nevertheless, Dollar General did not offer to re-employ Hood.

29. Sometime thereafter, a First Horizon employee communicated to a Dollar General employee that Hood had likely stolen the Deposit and Deposit Bag, got scared, and returned them to the Bank.

30. There was no evidence that Hood had likely stolen the Deposit and Deposit Bag, got scared, and returned them to the Bank. This accusation was simply fabricated from whole cloth.

31. Any accusation that Hood stole the Deposit and/or Deposit Bag is entirely false.

32. The false accusations of theft by Dollar General and First Horizon have spread throughout Hood's community, including customers of Dollar General that she used to serve.

33. The false accusations of theft by Dollar General and First Horizon have directly damaged Hood, including reputational harm and mental anguish.

34. First Horizon's false accusation of theft to Dollar General caused her to be terminated from her employment and thus caused special damages to Hood in the form of lost wages.

## COUNT I – DEFAMATION
(FIRST HORIZON)

35. Hood incorporates by reference paragraphs 1 through 34 of this Complaint as though set forth in their entirety.

36. On or about June 12, 2023, First Horizon made the false and *per se* defamatory accusation to Dollar General that Hood stole the Deposit and Deposit Bag when acting as an employee of Dollar General.

37. First Horizon's accusation was without privilege and was made with negligence and with actual malice—i.e., with a reckless disregard for the truth or with knowledge of falsity.

38. Irrespective of presumed harm based on the *per se* defamatory nature of the accusation, First Horizon's accusation proximately caused significant and actual reputational and emotional damages to Hood.

39. Hood is entitled to a trial by a jury of her peers and to damages as determined by the enlightened conscience of the jury of no less than $75,000.

40. Hood is entitled to an award of punitive damages against First Horizon,

including because it acted with that entire want of care which would raise the presumption of conscious indifference to consequences.

41. First Horizon's actions were further taken in bad faith, and it has otherwise been stubbornly litigious, entitling Hood to an award of her reasonable attorneys' fees and costs.

## COUNT II – DEFAMATION
### (FIRST HORIZON)

42. Hood incorporates by reference paragraphs 1 through 34 of this Complaint as though set forth in their entirety.

43. First Horizon made the false and *per se* defamatory accusation to Dollar General that despite the Deposit and Deposit Bag having been located, Hood likely had stolen the Deposit, got scared, and then returned it to First Horizon.

44. First Horizon's accusation was without privilege and was made with negligence and with actual malice—i.e., with a reckless disregard for the truth or with knowledge of falsity.

45. Irrespective of presumed harm based on the *per se* defamatory nature of the accusation, First Horizon's accusation proximately caused significant and actual reputational and emotional damages to Hood.

46. Hood is entitled to a trial by a jury of her peers, and to damages as determined by the enlightened conscience of the jury of no less than $75,000.

47. Hood is entitled to an award of punitive damages against First Horizon,

including because its actions demonstrated willful misconduct, malice, wantonness, oppression, and that entire want of care which would raise the presumption of conscious indifference to consequences.

48. First Horizon's actions were further taken in bad faith, and it has otherwise been stubbornly litigious, entitling Hood to an award of her reasonable attorneys' fees and costs.

### COUNT III – DEFAMATION
(DOLLAR GENERAL)

49. Hood incorporates by reference paragraphs 1 through 34 of this Complaint as though set forth in their entirety.

50. On or about June 14, 2023, Dollar General made the false and *per se* defamatory accusation to the Ringgold Police Department that Hood stole the Deposit Bag and Deposit when acting as an employee of Dollar General.

51. Dollar General's accusation was without privilege and was made with negligence and with actual malice—i.e., with a reckless disregard for the truth or with knowledge of falsity.

52. Irrespective of presumed harm based on the *per se* defamatory nature of the accusation, Dollar General's accusation proximately caused significant and actual reputational and emotional damages to Hood.

53. Hood is entitled to a trial by a jury of her peers, and to damages as determined by the enlightened conscience of the jury of no less than $75,000.

54. Hood is entitled to an award of punitive damages against Dollar General, including because it acted with that entire want of care which would raise the presumption of conscious indifference to consequences.

55. Dollar General's actions were further taken in bad faith, and it has otherwise been stubbornly litigious, entitling Hood to an award of her reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Carla Hood respectfully petitions this Honorable Court for the following relief:

(a) That Summons and Process issue as provided by law;

(b) That Hood be granted a trial before a jury of her peers;

(c) That Hood be granted judgment and all appropriate damages of no less than $75,000 against Dollar General and First Horizon for their false and defamatory *per se* accusations;

(d) That the Court tax the costs of this action against Dollar General and First Horizon; and

(e) For such other and further relief as the Court may deem just and proper.

Respectfully submitted this 6th day of June, 2024.

       */s/ Jonathan D. Grunberg*
       Jonathan D. Grunberg
       State Bar No. 869318
       jgrunberg@wgwlawfirm.com

        WADE, GRUNBERG & WILSON, LLC
        729 Piedmont Ave NE
        Atlanta, GA 30308
        (404) 600-1153

        *Attorneys for Plaintiff*

## LR 7.1D CERTIFICATE OF COMPLIANCE

Pursuant to Northern District of Georgia Civil Local Rule 7.1D, the undersigned counsel certifies that this *Complaint for Defamation* is a computer document and was prepared in Times New Roman 14-point font, as mandated in Local Rule 5.1C.

Dated: June 6, 2024.

        */s/ Jonathan D. Grunberg*
        Jonathan D. Grunberg

        *Counsel for Plaintiff*